UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 17-44-HRW

MATTHEW CONLEY,                                                      PLAINTIFF,

v.                        MEMORANDUM OPINION AND ORDER

TRACY FRYE, *et al.*,                                               DEFENDANTS.

This matter is before the Court upon Defendants Tim Wilson, Individually and in his

Official Capacity as Chief of Police of Russell Police Department, and Shane Elkins,

Individually and in his Official Capacity as an Officer with the Russell Police Department's

Motion to Dismiss [Docket No. 9]. The matter has been fully briefed by the parties [Docket No.

9-1, 10-1 and11]. For the reason stated herein, the Court will sustain the motion, in part, and

overrule it, in part.

I.

This cases arises from Plaintiff's April 24, 2016 arrest and brief incarceration for

terrortistic threatnening [Docket No. 23, Amended Complaint, ¶ 28]. These charges resulted

from a sequence of events wherein it was believed that Plaintiff had made threats of violence

against Charles ("Chuck") Jachimczuk and Spencer Jachimczuk on April 23, 2016. *Id.* at ¶¶ 19,

20.

In his Amended Complaint, Plaintiff alleges that Officer Shane Elkins learned of the

threats from Tracy Frye and Doug Osborne, who provided that information to Officer Elkins

"falsely and with malicious intent." *Id.* at ¶ 22. A warrant for the Plaintiff's arrest was issued by

Judge Brian McCloud on April 24, 2016, and the Plaintiff was arrested that same day. *Id.* at Exhibit A. The Plaintiff's criminal case was tried before a jury on March 17, 2017, and the jury returned a not guilty verdict. *Id.* at ¶ 40.

The Plaintiff filed this civil action against a number of defendants, including the individuals who allegedly made false accusations against him, Officer Elkins, who Plaintiff alleges was responsible for his arrest, as well as the Russell Police Department Chief of Police, Tim Wilson. Plaintiff alleges these Defendants "institut[ed] criminal charges based upon false factual accusations" and "institut[ed] criminal charges when they knew they lacked probable cause" for those charges. *Id.* at ¶ 27, 28. Specifically, the Plaintiff contends the Defendants should be held liable for "seek[ing] the issuance of a warrant" against him without conducting an adequate investigation. *Id.* at ¶ 27. The Plaintiff also claims Officer Elkins "falsely and with malicious intent testified in front of the Greenup Circuit Court Grand Jury with respect to the alleged terrortistic threats." *Id.* at ¶ 31.

In his Amended Complaint, Plaintiff alleges four causes of action: unlawful detention (Count I), abuse of process (Count II), malicious prosecution (Count III) and malicious prosecution pursuant to 42 U.S.C. § 1983 (Counts III and IV). He seeks damages, including punitive damages, as well as attorney's fees. *Id.* at ¶ 73.

Defendants Tim Wilson and Shane Elkins seek dismissal of all claims alleged against them, pursuant to Fed.R.Civ.Proc. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.

In scrutinizing a complaint under Rule 12(b)(6), the Court is required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir.2007).

A complaint need not contain "detailed factual allegations". However, it must allege more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint will withstand a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

A complaint has "facial plausibility" if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir.2009) (*quoting Iqbal*, 129 S.Ct. at 1949).

## III.

**A.     Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted as to Tim Wilson, in either his Official or Individual capacity.**

Plaintiff cast a wide net for Defendants. This may be par for the course, given the nature of his claims and the alleged chain of communication and action leading to his arrest. Caught in the melee is Tim Wilson, the Chief of Police of the Russell Police Department. However, the only allegation in the Amended Complaint specifically identifying Chief Wilson is the claim that he contacted Officer Elkins and apparently directed him to "call Defendant Tracy Frye regarding

3

threats made against her family." [Docket No. 23, ¶ 16]. The Amended Complaint provides no

additional facts or details as to how this alleged action attributed to Chief Wilson translates into

an actionable claim against him.

Requesting an officer to investigate a potential crime, alone, cannot lead to liability, and

no additional argument is presented to show that Chief Wilson "participated encouraged,

authorized or acquiesced in" any other unlawful conduct. *See generally, Hays v. Jefferson

County, Kentucky*, 668 F.2d 869 (6th Cir. 1982).

In considering a motion to dismiss, "[a]t the very least, trial and appellate courts should

not have to guess at the nature of the claim asserted." *Kafele v. Lerner, Sampson & Rothfuss,* 161

Fed.Appx. 487, 491 (6th Cir. 2005). *See also Scheid v. Fanny Farmer Candy Shops, Inc.,* 859

F.2d 434 (6th Cir. 1988)(holding that "more than bare assertions of legal conclusions is

ordinarily required to satisfy federal notice pleading requirements."). The case against Chief

Wilson does not pass Rule 12(b)(6) muster and, therefore, will be dismissed.

**B.      Plaintiff's claim for abuse of process is time barred.**

Count II of the Amended Complaint purports to state a claim for abuse of process.

Abuse-of-process claims are subject to the one-year limitations period. *Dickerson v. City of

Hickman*, 2010 WL 816684 at *5, *citing Bates v. Stapleton*, 2008 WL 1735170, at *3 (E.D.Ky.

Apr.11, 2008). "Unlike an action for malicious prosecution where a legal termination of the

prosecution complained of is essential, in an action for abuse of process it is not necessary,

ordinarily, to establish that the action in which the process issued has terminated unsuccessfully.

*Id.* (internal citation omitted). "For this reason, a cause of action for abuse of process has been

4

generally held to accrue ... from the termination of the acts which constitute the abuse complained of, and not from the completion of the action in which the process issued." *Id.*

The "acts which constitute the abuse complained of" by the Plaintiff are the acts of completing the police report and arrest warrant, both of which occurred on April 24, 2016. These acts were completed more than one year prior to the filing of this lawsuit on May 1, 2017, and are, therefore, barred by the statute of limitations.

## C.    Plaintiff's claims against Officer Elkins withstand Rule 12(b)(6) scrutiny.

The gravamen of Plaintiff's claim that the Defendants "institut[ed] criminal charges based upon false factual accusations" and "institut[ed] criminal charges when they knew they lacked probable cause" for those charges is encompassed in Counts III and IV of his Amended Complaint, alleging malicious prosecution.

Malicious prosecution is both a common law and statutory action and lies to compensate an individual who has been hailed into court and forced to defend against a fabricate charge.  For the limited purpose of determining whether Plaintiff has sufficiently stated his claim, only four elements need to plead sufficiently:  (1) a criminal prosecution was initiated against the plaintiff, and the defendant made influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty, as understood under Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor.   *Sanders v. Jones,* 845 F.3d 721, 728 (6th Cir. 2017).

In his Amended complaint, Plaintiff alleges that Elkins "falsely and with malicious intent testified in front of the Greenup Circuit Court Grand Jury with respect to alleged terrorist threats made by Plaintiff." [Docket No. 23, ¶ 31]. Defendant Elkins argues that no liability can be predicated on that testimony. Yes and no. It is well established that a grand jury witness, including law enforcement, "is entitled the to the same immunity as a trial witness." *Rehberg v. Paulk*, 566 U.S, 356, 375 (2012). Indeed, Plaintiff concedes this point.

However, this is not the end of the inquiry. The grant of immunity based upon *Rehberg* and its progeny is not as "absolute" as Defendant suggests. The immunity does not shield law enforcement officers who, in addition to testifying, either "set[s] the wheels of government in motion by instigating a legal action", "falsify affidavits", or "fabricate evidence concerning an unsolved crime." *King v. Harwoood*, 852 F.3d 568 (6th Cir. 2017). The *King* Court held that an officer's filing of a sworn affidavit or complaint and involvement in laying the groundwork for an indictment are not immune from suit simply because the officer also testified before the grand jury. *Id.* The distinguishing feature of a viable malicious prosecution claim against an officer who is alleged to have both made false statements and offered false grand jury testimony, is the allegation that the officer's pre-testimony conduct "set the prosecution in motion." *Id.*

That is exactly what Plaintiff alleges in his Amended Complaint. Plaintiff asserts that Officer Elkins set his prosecution in motion. The Plaintiff alleges that he made false statements, to-wit, the assertion that another witnessed the Plaintiff threatening someone. He signed the Criminal Complaint and Affidavit as the Affiant. [Docket No. 1-2]. Plaintiff alleges that these statements were made in the course of setting a prosecution in motion, that this first occurred months before the grand jury met and before the indictment was even contemplated, that the false

statements were the only reason the indictment was ultimately sought, and that the false statements were material to the ultimate prosecution. [Docket No. 23, ¶¶ 4-25].

These allegations have facial plausibility; that is all that is required at this stage of the litigation. Whether Plaintiff's claims against Defendant Elkins ultimately succeed after discovery is not for the undersigned to predict.

As for Plaintiff's claim of unlawful detention, it will rise or fall with the claim for malicious prosecution.

## IV.

Accordingly, **IT IS HEREBY ORDERED** that Defendants Tim Wilson, Individually and in his Official Capacity as Chief of Police of Russell Police Department, and Shane Elkins, Individually and in his Official Capacity as an Officer with the Russell Police Department's Motion to Dismiss [Docket No. 9] be **SUSTAINED** as it pertains to Tim Wilson and the Count II of the Amended Complaint and **OVERRULED** as to the claims alleged against Shane Elkins in Counts I, III and IV of the Amended Complaint.

**IT IS FURTHER ORDERED** that all claims against Tim Wilson be **DISMISSED WITH PREJUDICE**.

This is an **INTERLOCUTORY** and **NON- APPEALABLE ORDER.**

This ___7th___ day of February, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

7